■ In the Matter of MURLYN B. EDINGER et al., Petitioners, v FRANK WALKLEY, as Commissioner of Agriculture and Markets of the State of New York, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Commissioner of Agriculture and Markets which revoked the petitioners' domestic animal health permit. Petitioners are and for many years have been engaged in the business of purchasing livestock for resale and for use in the conduct of their own farming operations. The State of New York requires a cattle dealer to obtain a domestic animal health permit from respondent (Agriculture and Markets Law, §§ 90-c, 90-d), and the corporate petitioner had obtained such a permit for the statutory year beginning April 1, 1973. On July 3, 1973 respondent commenced proceedings to revoke this permit for violations of sections 90 and 95-a of the Agriculture and Markets Law alleging that the corporation, its officers, agent or employees had "without authorization * * * removed * * * official ear tags from the ears of live cattle on your premises * * * and attempted to defeat the intent of said section by aiding, abetting and soliciting the undertaking and implementation of false and improperly conducted blood samplings of cattle by a veterinarian on your premises for the purpose of testing for bovine brucellosis". These charges were contained in a notice of hearing along with other allegations of improper entries on health certificates and an unwillingness to properly conduct the licensed business. At the hearing upon these charges, eyewitness testimony of the alleged statutory violations was presented together with expert proof in the form of opinion from qualified veterinarians that the blood samples from petitioners' herd showed an "abnormally low" incident of reaction for brucellosis. Corroborative proof was offered to show that petitioners' animals were a significant source of brucellosis in other herds. In response thereto petitioner adduced contrary testimony and serious questions of credibility were raised. The hearing

officer elected to accept the testimony of respondent's witnesses and, in a number of instances, rejected that of the petitioners. Among that rejected was the testimony of one Dr. Paul W. Padget, the veterinarian employed by petitioners and the person who allegedly performed the fraudulent tests. At the conclusion of the hearing the report and recommendations of the hearing officer were adopted by the respondent in his finding of facts and conclusions, and the order here under review was entered thereon. We perceive no reason to disturb the order of the commissioner as his determination is supported by substantial evidence of the violations alleged. Nor do we find any merit in the other issues raised by petitioners concerning the adequacy of the notice of hearing, competency of expert proof, or violation of petitioners' rights to due process of law. The determination should be confirmed. Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Kane, Main, Larkin and Reynolds, JJ., concur.